[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10926

Non-Argument Calendar

_____

RAFAEL LAGUNES-BARRADAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A205-570-510

_____

Before ROSENBAUM, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Rafael Lagunes-Barradas petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal. After review, we dismiss Lagunes-Barradas's petition for lack of jurisdiction.

## I.    FACTS AND PROCEDURAL HISTORY

### A.  2012–2018

In 1993, Lagunes-Barradas, a native and citizen of Mexico, entered the United States without inspection. In 2012, the Department of Homeland Security issued Lagunes-Barradas a notice to appear, charging him as removable under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), because he was present in the United States without having been admitted or paroled.

In 2012, Lagunes-Barradas applied for cancellation of removal. His application stated that his three U.S. citizen children would experience exceptional and extremely unusual hardship ("EEUH") if he were removed.

At an initial hearing on March 27, 2013, Lagunes-Barradas, through counsel, conceded removability as charged. He explained that his request for cancellation of removal was based on his 1993

entry and his three U.S. citizen children, ages 17, 14, and 11. The IJ set a master hearing for August 2013.

For reasons not reflected in the administrative record, Lagunes-Barradas's next hearing did not take place until May 10, 2016. At that hearing, the IJ set a merits hearing for November 18, 2018.

## B. 2018–2021

By the time of the merits hearing—which took place on November 26, 2018—Lagunes-Barradas's children were 23, 19, and 16. At the 2018 hearing, Lagunes-Barradas testified that (1) his oldest son was in good health and (2) he and his son worked together in a family-owned company remodeling and painting houses. Lagunes-Barradas agreed that his two remaining children were in good health and doing well in school.

At the end of the hearing, the IJ issued an oral decision denying Lagunes-Barradas's application for cancellation of removal. As to hardship, the IJ noted that Lagunes-Barradas had two qualifying family members, his teenage children, and that his 23-year-old son did not qualify because the statute set the age limit at 21. The IJ found that Lagunes-Barradas had not shown that his children would experience EEUH because they did not suffer from serious medical conditions or have special educational needs, which it explained the BIA had "made clear [were] the types of cases that may well be a candidate" for EEUH consideration. Instead, the types of financial and emotional hardships Lagunes-

Barradas had shown his children would suffer were the types of usual hardships children normally suffer as a result of a parent's deportation.

On November 30, 2018, Lagunes-Barradas filed a counseled Notice of Appeal to the BIA. He did not file a brief with the BIA. His Notice of Appeal, however, explained his ground for appeal as follows:

> The Immigration Judge erred in denying Respondent's application for Cancellation of Removal because the evidence presented was sufficient to show that Respondent's two United States Citizen children would suffer "exceptional and extremely unusual hardship." Based on the testimony and evidence given at trial, Respondent met his burden of proof that his removal to Mexico would cause exceptional and extremely unusual hardship to his children.

In an attached paragraph, Lagunes-Barradas explained that he was "the sole financial provider for his two qualifying United States citizen children, ages 19 and 16." Lagunes-Barradas stated that his children would suffer emotionally without having their father around and financially because their mother was unable to work legally in the United States. In his Notice of Appeal, Lagunes-Barradas did not raise any issues regarding his third American citizen child, the delay in processing his case, or the hardship standard the IJ applied.

21-10926                Opinion of the Court                5

On February 23, 2021, the BIA affirmed without an opinion.
[

On March 23, 2021, Lagunes-Barradas timely petitioned for review. His petition argues that (1) the IJ applied an incorrect legal standard in its analysis of his EEUH claim and (2) the delay in his case violated his due process rights because his oldest son was above 21 by the time the IJ considered the merits of his claim.

## II.    DISCUSSION

We review our subject matter jurisdiction *de novo. Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018). When the BIA affirms the IJ's decision without opinion under 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).

We may review a final order of removal only if the petitioner has exhausted all administrative remedies available to him as of right. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional and precludes review of a petitioner's argument that was not presented to the BIA. *Lin*, 881 F.3d at 867. Although not stringent, exhaustion requires that the petitioner "previously argued the core issue now on appeal before the BIA." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (quotation marks omitted). "Though exhaustion does not require a petitioner to use precise legal terminology or provide a well-developed argument" in support of his claims, it does require

that he "provide information sufficient to enable the BIA to review and correct any errors below." *Id.* (quotation marks omitted and alteration adopted).

Constitutional claims that the BIA has the power to review and for which it can provide a remedy must be exhausted. *Lin*, 881 F.3d at 867-68. Due process claims that an individual has been denied a "full and fair hearing before a neutral factfinder" are "precisely the kind of procedural error which requir[e] exhaustion." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006). More generally, exhaustion is required for constitutional "challenge[s] to process in individual case review." *Lin*, 881 F.3d at 868.

Here, Lagunes-Barradas did not raise before the BIA either of the errors he asserts to us, and therefore he has not exhausted his administrative remedies.

First, in his Notice of Appeal to the BIA, Lagunes-Barradas argued only that the IJ erred in finding that his children would not suffer EEUH if he were deported. He did not make the legal argument that the IJ had applied an incorrect standard in considering his EEUH claim, which is the only argument he raises in his petition for review. Thus, he did not raise for the BIA's consideration "the core issue now on appeal," and we lack jurisdiction to consider it. *See Indrawati*, 779 F.3d at 1297.

Next, Lagunes-Barradas concedes that he did not raise his due process claim in his appeal to the BIA but argues that this claim

did not require exhaustion before being raised in this Court. He is incorrect. His asserted violation, that the IJ's delay in hearing his case prejudiced him, is a "challenge to process in individual case review" that the BIA could have addressed and remedied if he had raised the issue in his appeal of the IJ's order. *See Lin*, 881 F.3d at 868.

Accordingly, we lack jurisdiction over Lagunes-Barradas's petition for review.

**PETITION DISMISSED.**